IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

    Plaintiff,                       No. CIV S-09-3615 JAM EFB

    vs.

TRENTON D. MOL;                FINDINGS AND RECOMMENDATIONS
CLAUDETTE M. AVERILL,

    Defendants.
_____/

    This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1) for hearing on plaintiff's motion for entry of default judgment against defendants Trenton D. Mol and Claudette M. Averill. Dckt. No. 18. A hearing on the motion was held on September 21, 2011. Plaintiff, an attorney, appeared at the hearing and represented himself. No appearance was made on behalf of defendants. For the reasons stated herein, as well as for the reasons stated at the September 21 hearing, the undersigned recommends that the motion be granted.

I.    BACKGROUND

    Plaintiff filed a first amended complaint against defendants on October 12, 2010, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the California Unruh Civil Rights Act. Am. Compl., Dckt. No. 11. A certificate of service, filed

1

February 18, 2011, demonstrates that the summons and amended complaint were served on defendants Trenton Mol and Claudette Averill on November 11, 2010 at 5881 Reservoir Rd., Georgetown, California, by leaving a copy of process at their usual place of abode with another occupant there (Richard Averill).  Dckt. No. 14.

On July 1, 2011, pursuant to plaintiff's request, the Clerk of Court entered the default of defendants.  Dckt. Nos. 15, 17.  On August 8, 2011, plaintiff moved for default judgment, and mail served a copy of the motion on defendants.  Dckt. No. 18.  Defendants did not file any opposition to the motion and failed to appear at the September 21, 2011 hearing on the motion.

Plaintiff's motion for default judgment seeks monetary damages, pursuant to California Civil Code Section 52(a) in the amount of $12,000.00, which is based upon three alleged discriminatory occurrences at the statutory minimum of $4,000.00 per discriminatory event.  *Id.* at 4.  Plaintiff also seeks an injunction requiring defendants "to provide for the correct number and type of properly configured disabled parking space(s) including a van accessible disabled parking space, accessible route, accessible restrooms, accessibility signage and striping" in accordance with the ADA and the ADA Accessibility Guidelines ("ADAAG").  *Id.*

II.  DISCUSSION

It is within the sound discretion of the district court to grant or deny an application for default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary standard, default judgments are more often granted than denied."  *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v.*

*Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts *not* contained in the pleadings, and claims which are *legally insufficient*, are *not* established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

A. <u>Americans with Disabilities Act</u>

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv). Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp.2d 1065, 1085 (D. Haw. 2000).

////

3

Here, plaintiff alleges (1) that he is disabled, Am. Compl. ¶ 1; (2) that defendants' business, a Beacon gas station/convenience store with a parking lot in Auburn, California, is a place of public accommodation, *id.* ¶ 2; (3) that plaintiff was denied access to defendants' business because of plaintiff's disability, *id.* ¶ 3; (4) that defendants' business has architectural barriers, *id.*; and (5) that removal of the barriers is readily achievable, *id.*  Because plaintiff's allegations are taken as true on default, the court finds that plaintiff has met his initial burden to state a *prima facie* Title III discrimination claim.  Additionally, the court finds that the majority of the *Eitel* factors weigh in favor of granting default judgment to plaintiff on that claim.  Therefore, the undersigned recommends that plaintiff be granted default judgment against defendants on plaintiff's ADA claim and award plaintiff an injunction requiring defendants to provide for the correct number and type of properly configured disabled parking space(s) including a van accessible disabled parking space, accessible route, accessible restrooms, accessibility signage and striping, in accordance with the ADA and the ADAAG.  *See* 42 U.S.C. § 12188(a)(2) (authorizing injunctions under the ADA).

   B. <u>Unruh Civil Rights Act</u>

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).  To prevail on his disability discrimination claim under the Unruh Civil Rights Act, plaintiff must establish that (1) he was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) his disability was a motivating factor for this denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm. Cal. Civil Jury Instructions (BAJI), No. 7.92 (Fall 2009 Revision).  Additionally, any violation

of the ADA necessarily constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f); *see also Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 664 (2009).

Here, because plaintiff's complaint properly sets out the necessary elements for his ADA claim against defendants, plaintiff has also properly set out the necessary elements for his Unruh Civil Rights Act claim. Therefore, and because there are no policy considerations which preclude the entry of default judgment on this claim, *Eitel*, 782 F.2d at 1471-72, the court will recommend that plaintiff's motion for default judgment on his Unruh Civil Rights Act claim against defendants be granted.

The Unruh Civil Rights Act provides for a minimum statutory damage amount of $4000 per violation, and "any attorney's fees that may be determined by the court in addition thereto." *Id.* § 52(a). Plaintiff seeks $12,000 in damages for violation of the Unruh Civil Rights Act, based on three actual visits to defendant's property. Dckt. No. 18 at 4. The court will recommend that plaintiff be awarded those statutory damages.

III.  CONCLUSION

Based on the foregoing findings, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment against defendants, Dckt. No. 18, be granted;

2. Plaintiff be awarded statutory damages in the amount of $12,000;

3. Plaintiff be granted an injunction requiring defendants Mol and Averill to provide for the correct number and type of properly configured disabled parking space(s) including a van accessible disabled parking space, accessible route, accessible restrooms, accessibility signage and striping in accordance with the Americans with Disabilities Act of 1990 and the Americans with Disabilities Act Accessibility Guidelines contained in 28 C.F.R. Part 36; and

4. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

1   objections with the court and serve a copy on all parties.  Such a document should be captioned
2   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
3   within the specified time may waive the right to appeal the District Court's order. *Turner v.*
4   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
5   DATED:  September 22, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE